JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
 E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
 E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN:  245227
 E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
 E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiff
CREE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| CREE, INC., a North Carolina Corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>LEDWISE TECHNOLOGY, INC., a Kentucky Corporation d/b/a RCLITE; LEDWISE, INC., a California Corporation; SHUIWEN LI, an Individual; KEVIN LEE, an Individual; ELETA TECHNOLOGY, INC., a California Corporation d/b/a Fowod; FEI YE, an Individual; LI SUN, an Individual; MODOCHOLIC AUTOWERKS, INC., a California Corporation; EDMOND WAILAM LEUNG, an Individual; and DOES 1-10, Inclusive,<br><br>   Defendants. | Case No.:  8:16-cv-02279<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/*Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]; and**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff Cree, Inc. ("Plaintiff") hereby file its Complaint for Damages against Defendants LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin Lee, Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff is now, was at the time of the filing of this Complaint, and at all intervening times, a North Carolina corporation, having its principal place of business in Durham, North Carolina.

2.     Plaintiff is informed and believes that Defendant LEDwise Technology, Inc. is now, was at the time of the filing of this Complaint, and at all intervening times, a Kentucky corporation doing business as RCLITE, with its principal place of business located at 16541 Pitman Lane, Huntington Beach, California 92647.

3.     Plaintiff is informed and believes that Defendant LEDwise, Inc. is now, was at the time of the filing of this Complaint, and at all intervening times, a California corporation, with its principal place of business located at 16152 Pitman Lane, Huntington Beach, California 92647.

4.     Plaintiff is informed and believes that Defendant ShuiWen Li is now, was at the time of the filing of this Complaint, and at all intervening times, an individual residing in the State of California and a principal of Defendants LEDwise Technology, Inc. and LEDwise, Inc.

5.     Plaintiff is informed and believes that Defendant Kevin Lee is now, was at the time of the filing of this Complaint, and at all intervening times, an individual residing in the State of California and a principal of Defendants LEDwise Technology, Inc. and LEDwise, Inc.

6.     Plaintiff is informed and believes that at the time of incorpoation, now, and at all times relevant to this Complaint, Defendants LEDwise Technology, Inc.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

and LEDwise, Inc. did not and do not have sufficient funding to assume responsibility for their foreseeable and actual liabilities.

7.    Plaintiff is informed and believes that since the time of incorporation, now, and at all times relevant to this Complaint, Defendants LEDwise Technology, Inc. and LEDwise, Inc. were undercapitalized.

8.    Plaintiff is informed and believes that since the time of incorporation, now, and at all times relevant to this Complaint, Defendants LEDwise Technology, Inc. and LEDwise, Inc. failed to observe corporate formalities required by law.

9.    Plaintiff is informed and believes that Defendants ShuiWen Li and Kevin Lee are the alter egos of corporate Defendants LEDwise Technology, Inc. and LEDwise, Inc., and that these individual Defendants personally directed and benefited from the infringing activities of the corporate Defendants.

10.    Plaintiff is informed and believes that Defendants LEDwise Technology, Inc. and LEDwise, Inc. sell on Amazon.com under seller ID "LEDwise Technology Inc(RCLITE)," on eBay.com under seller IDs "rclite01" and "rclite02, and through RCLITE.com, and distributes products as RCLITE from 7573 Slater Ave., Unit T., Huntington Beach, CA 92647.

11.    Plaintiff is informed and believes that Defendant Eleta Technology, Inc. is now, was at the time of the filing of this Complaint and at all intervening times, a California corporation doing business as Fowod, with its principal place of business located at 7573 Slater Ave., Unit T, Huntington Beach, California 92647.

12.    Plaintiff is informed and believes that Defendant ShuiWen Li is now, was at the time of the filing of this Complaint and at all intervening times, an individual residing in the State of California and a principal of Defendant Eleta Technology, Inc.

13.    Plaintiff is informed and believes that Defendant Fei Ye is now, was at the time of the filing of this Complaint and at all intervening times, an individual residing in the State of California and a principal of Defendant Eleta Technology,

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Inc.

14.     Plaintiff is informed and believes that Defendant Li Sun is now, was at the time of the filing of this Complaint and at all intervening times, an individual residing in the State of California and a principal of Defendant Eleta Technology, Inc.

15.     Plaintiff is informed and believes that at the time of incorpoation, now, and at all times relevant to this Complaint, Defendant Eleta Technology, Inc. did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

16.     Plaintiff is informed and believes that since the time of incorporation, now, and at all times relevant to this Complaint, Defendant Eleta Technology, Inc. was undercapitalized.

17.     Plaintiff is informed and believes that since the time of incorporation, now, and at all times relevant to this Complaint, Defendant Eleta Technology, Inc. failed to observe corporate formalities required by law.

18.     Plaintiff is informed and believes that Defendants ShuiWen Li, Fei Ye, and Li Sun are the alter egos of corporate Defendant Eleta Technology, Inc., and that these individual Defendants personally directed and benefited from the infringing activities of the corporate Defendant.

19.     Plaintiff is informed and believes that Defendant Eleta Technology, Inc. sells on Amazon.com under seller ID "ELETA Technology Inc" and through myeleta.com, and distributes products from 7573 Slater Ave., Unit T., Huntington Beach, CA 92647.

20.     Plaintiff is informed and believes that Defendant Modocholic Autowerks, Inc. is now, was at the time of the filing of this Complaint and at all intervening times, a California corporation, with its principal place of business located at 2890 Maxson Road, El Monte, California 91732.

/ / /

- 4 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1       21.    Plaintiff is informed and believes that Defendant Edmond Wailam
2   Leung is now, was at the time of the filing of this Complaint and at all intervening
3   times, an individual residing in the State of California and a principal of Defendant
4   Modocholic Autowerks, Inc.

5       22.    Plaintiff is informed and believes that at the time of incorporation,
6   now, and at all times relevant to this Complaint, Defendant Modocholic Autowerks,
7   Inc. did not and does not have sufficient funding to assume responsibility for its
8   foreseeable and actual liabilities.

9       23.    Plaintiff is informed and believes that since the time of incorporation,
10  now, and at all times relevant to this Complaint, Defendant Modocholic Autowerks,
11  Inc. was undercapitalized.

12      24.    Plaintiff is informed and believes that since the time of incorporation,
13  now, and at all times relevant to this Complaint, Defendant Modocholic Autowerks,
14  Inc. failed to observe corporate formalities required by law.

15      25.    Plaintiff is informed and believes that Defendant Edmond Wailam
16  Leung is the alter ego of corporate Defendant Modocholic Autowerks, Inc., and that
17  this individual Defendant personally directed and benefited from the infringing
18  activities of the corporate Defendant.

19      26.    Plaintiff is informed and believes that Defendant Modocholic
20  Autowerks, Inc. sells on Amazon.com under seller ID "Modocholic (fka
21  Modocholic Autowerks)" and on eBay.com under seller ID "bravoracing," and
22  distributes products as RCLITE from 7573 Slater Ave., Unit T., Huntington Beach,
23  CA 92647.

24      27.    The true names and capacities, whether individual, corporate, associate
25  or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to
26  Plaintiff.  Plaintiff therefore sues said Doe Defendants by such fictitious names.
27  When the true names and capacities of said Doe Defendants have been ascertained,
28  Plaintiff will amend this pleading accordingly.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

28.     Plaintiff further alleges that Defendants LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin Lee, Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

29.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin Lee, Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and that the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

30.     The rights to recovery and claims asserted against all Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.

31.     This action involves the same question of law and findings of fact against all Defendants who are similarly situated through their offering of sale, advertising, marketing, distributing, sale and distribution of counterfeit CREE®-branded products from the same business address in Huntington Beach, California, into the stream of commerce through Amazon.com, eBay.com and website sales channels.

## **JURISDICTION / VENUE**

32.     This Court has jurisdiction over the subject matter of the First, Second, and Third Cause of Action (violation of the *Lanham* Act) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

33.     This Court has personal jurisdiction over Defendants as Defendants have committed the tortious activities of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts

with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and sold products that infringe the trademarks of Plaintiff to consumers within this judicial district for Defendants' own commercial gain and have exploited California's extensive marketplace, wherein Plaintiff maintains substantial business contacts and financial interests. Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using interactive Internet websites and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiff or authorized manufacturers.

34.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because Plaintiff has a research and development facility located in this jurisdiction and, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiff in this district. The counterfeit CREE®-branded products were purchased from California and Defendants purposefully shipped the counterfeit products within California. Moreover, the counterfeit CREE®-branded products were paid for with funds from a financial institution in California, PayPal, Inc. Defendants' actions within this district where Plaintiff also has business operations have directly interfered with and damage Plaintiff's business operations and harms Plaintiff's goodwill within this venue.

## **GENERAL ALLEGATIONS**

### **Plaintiff and their Well-Known CREE® Brand and Products**

35.    Plaintiff was founded in 1987 as a manufacturer of silicon carbon (SiC) wafers. Building on its success with SiC, Plaintiff began developing innovative light emitting diodes (LED) for use in a variety of applications and introduced

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1   numerous LEDs in the 1990s and 2000s.

2      36.   Plaintiff is a market-leading innovator in the design, development,

3   manufacture, and sale of LED, lighting products using LEDs, semiconductor

4   products for RF applications, and a variety of other products under various

5   trademarks, including but not limited to the CREE® marks.  Plaintiff's CREE®-

6   branded products and marks have achieved great success since their introduction at

7   least as of July 1990.

8      37.   Plaintiff's lighting and related products have earned a reputation for

9   innovation, quality and performance.  Plaintiff has spent substantial time, money

10  and effort in developing consumer recognition and awareness of its CREE® marks

11  and products.  Plaintiff has spent an enormous amount of money on print and

12  Internet advertising in order to inform consumers of the benefits of Plaintiff's

13  products and services.

14     38.   Through the extensive use of Plaintiff's marks, Plaintiff has built up

15  and developed significant goodwill in its entire product line.  Wide arrays of

16  newspapers, magazines and television networks have included advertising of

17  Plaintiff's products, which are immediately identified by Plaintiff's marks.

18     39.   As a result of the quality and popularity of the CREE®-branded

19  products, including Plaintiff's LED products, the CREE® marks have been

20  prominently placed in the minds of the public. Consumers, purchasers and the

21  members of the public have become familiar with Plaintiff's intellectual property

22  and products, and have come to recognize the CREE® marks and products, and

23  associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable

24  reputation and goodwill among the public as a result of such association.  Indeed,

25  the CREE® marks are famous in the United States and around the world.

26     40.   While Plaintiff has gained significant common law trademark and

27  other rights in its CREE® products and services through its use, advertising and

28  promotion, Plaintiff has also protected its valuable rights by filing for and obtaining

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

numerous federal trademark registrations.   This includes registration for the following non-exhaustive list of Trademarks (collectively referred to herein as "CREE® Trademarks").  The registration certificates for the CREE® Trademarks are attached hereto as **Exhibits A - EE**, respectively:

A.    CREE: USPTO Reg. No.: 2,440,530, Registered April 3, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;

B.    CREE [AND DIAMOND DESIGN]: United States Patent and Trademark Office ("USPTO") Reg. No.: 2,452,761, Registered May 22, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;

C.    CREE LEDS [AND DESIGN]: USPTO Reg. No.: 3,360,315, Registered December 25, 2007, for optoelectronic devices and materials, namely, light emitting diodes, packaged light emitting diodes, semiconductor devices that include semiconductor wafers, and electronic components, modules and subassemblies in the nature of light emitting diodes used for providing backlighting in liquid crystal display monitors, televisions, and related video displays;

D.    CREE LED LIGHTING SOLUTIONS: USPTO Reg. No.: 3,526,887, Registered November 4, 2008, for light emitting diodes and light fixtures;

E.    CREE LED LIGHTING [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,891,756, Registered December 21, 2010, for light emitting diodes and light fixtures;

F.    CREE LED LIGHTING: USPTO Reg. No.: 3,891,765, Registered December 21, 2010, for light emitting diodes and light fixtures;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

G.   CREE TRUEWHITE TECHNOLOGY [AND DIAMOND DESIGN]: USPTO Reg. No.: 4,286,398, Registered February 5, 2013, for light fixtures;

H.   CREE TRUEWHITE TECHNOLOGY [AND DESIGN]: USPTO Reg. No.: 4,099,381, Registered February 14, 2012, for light fixtures;

I.   CREE TRUEWHITE: USPTO Reg. No.: 4,029,469, Registered September 20, 2011, for light emitting diodes;

J.   CREE TRUEWHITE: USPTO Reg. No.: 4,091,530, Registered January 24, 2012, for light emitting diode lighting fixtures and lighting fixtures;

K.   CREE: USPTO Reg. No.: 3,935,628, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

L.   CREE: USPTO Reg. No.: 3,935,629, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

M.   CREE: USPTO Reg. No.: 3,938,970, Registered March 29, 2011, for manufacturing services for others in the field of semiconductor devices, and technical support services, namely, providing technical advice related to the manufacture of semiconductor devices;

N.   CREE: USPTO Reg. No.: 4,026,756, Registered September 13, 2011, for contract foundry design, testing and engineering services in the field of semiconductor materials and devices;

O.   CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,630, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, semiconductor wafers;

P.   CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,631, Registered March 22, 2011, for flashlights, light emitting diode

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    lighting fixtures, light bulbs, lighting fixtures, and spotlights;

2    Q.    CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,938,971,

3    Registered March 29, 2011, for manufacturing services for others in

4    the field of semiconductor devices, and technical support services,

5    namely, providing technical advice related to the manufacture of

6    semiconductor devices;

7    R.    CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 2,922,689,

8    Registered February 1, 2005, for contract foundry design, testing and

9    engineering support services in the field of semiconductor materials

10    and devices;

11    S.    CREE LED LIGHT [AND DIAMOND DESIGN]: USPTO Reg. No.:

12    3,327,299, Registered October 30, 2007, for optoelectronic devices

13    and materials, namely light emitting diodes, photodiodes, packaged

14    light emitting diodes, laser diodes, semiconductor devices that include

15    semiconductor wafers, and electronic components, modules and

16    subassemblies in the nature of light emitting diodes used for providing

17    backlighting in liquid crystal display monitors, televisions, and related

18    video displays;

19    T.    [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,141, Registered July

20    19, 2011, for diodes, transistors, semiconductor devices,

21    semiconductor chips, and semiconductor wafers;

22    U.    [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,142, Registered July

23    19, 2011, for flashlights, light emitting diode lighting fixtures, light

24    bulbs, lighting fixtures, and spotlights;

25    V.    CREE [AND DESIGN]: USPTO Reg. No.: 4,233,855, Registered

26    October 30, 2012, for light emitting diode lighting fixtures, light bulbs,

27    lighting fixtures,  and spotlights;

28    W.    CREE [AND DESIGN]: USPTO Reg. No.: 4,234,124, Registered

- 11 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    October 30, 2012, for light emitting diodes, photodiodes, transistors,

2    semiconductor devices, semiconductor chips, and semiconductor

3    wafers;

4    X.    CREE: USPTO Reg. No.: 4,641,937, Registered November 18, 2014,

5    for apparatus and instruments for switching, transforming, regulating

6    or controlling electricity; electrical integrated control systems for use

7    in the fields of lighting, LED lighting, and security, electric switches,

8    electrical controllers, electronic circuits and electric components for

9    lighting, namely, electrical lighting controllers, electric light dimmers,

10   sensors, electric transmitters and receivers for lighting; control

11   software for lighting; wireless remote controls for lighting; calibration

12   equipment, namely, sensors and electrical controllers for lighting;

13   power supplies; electronic driver circuits; modules, namely, power

14   modules and lighting modules and networking hardware, namely,

15   lighting network hardware;

16   Y.    CREE LEDS [AND DESIGN]: USPTO Reg. No.: 4,558,924,

17   Registered July 1, 2014, for light emitting diode lighting fixtures, light

18   bulbs, lighting fixtures, spotlights, lanterns, and headlamps;

19   Z.    CREE: USPTO Reg. No.: 4,597,310, Registered September 2, 2014,

20   for lighting design and lighting technology specification services

21   pertaining to exterior and/or interior commercial, industrial, and/or

22   residential applications;

23   AA.   CREE [AND DESIGN]: USPTO Reg. No.: 4,597,311, Registered

24   September 2, 2014, for lighting design and lighting technology

25   specification services pertaining to exterior and/or interior

26   commercial, industrial, and/or residential applications;

27   BB.   CREE: USPTO Reg. No.: 4,767,107, Registered July 7, 2015, for

28   downloadable webinars in the field of lighting, and for educational

- 12 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

services, namely, providing seminars and nondownloadable webinars in the field of lighting;

CC. CREE [AND DESIGN]: USPTO Reg. No.: 4,771,402, Registered July 14, 2015, for downloadable webinars in the field of lighting, and for educational services, namely, providing seminars and nondownloadable webinars in the field of lighting;

DD. CREE: USPTO Reg. No.: 4,787,288, Registered August 4, 2015, for shipping of lighting goods, and controls and accessories therefor; and

EE. XM-L:  USPTO Serial No.: 87218890, for light emitting diodes (LEDs), semiconductor devices and LEDs, particularly for use in lighting apparatus, lighting fixtures, downlights, table lamps, light bulbs, flashlights, headlamps, motor vehicle lighting, and portable lighting.

41. Plaintiff has never authorized or consented to Defendants' use of Plaintiff's CREE® Trademarks, or any confusingly similar marks by Defendants, nor has Plaintiff authorized Defendants to manufacture, copy, sell, import, market, or distribute any CREE® products.

**Defendants' Wrongful and Infringing Conduct**

42. Particularly in light of the success of Plaintiff and Plaintiff's products, as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities that wish to take a free ride on its goodwill, reputation and fame.  Plaintiff has spent considerable effort and resources to build up its products and marks.

43. A large number of these individuals and entities deal in pirated and counterfeit CREE®-branded products.  Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing counterfeit and otherwise unauthorized products.

/ / /

44.    Defendants use, amongst other things, Amazon.com, eBay.com, and their own websites, to advertise, sell and distribute products, including counterfeit hard goods bearing Plaintiff's Trademarks, described above, to consumers. Through such platforms, Defendants regularly and systematically advertised, marketed, distributed and sold products using and bearing unauthorized CREE® Trademarks.

45.    Many of the online commercial transactions accomplished by sellers such as Defendants on eBay.com and through website sales are facilitated using PayPal.  Through PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account.

46.    On August 3, 2015, in its ongoing investigation of counterfeit sales of CREE® products, Plaintiff authorized the purchase of a purported "UltraFire 300Lm **Cree** XPE-R5 LED Tactical Flashlight Torch Light 3 Modes Black (Item # 171830773627)" bearing Plaintiff's CREE® trademark from Defendants through eBay seller ID "rclite01" for a cost of $5.69, charged to the PayPal electronic payment account of Plaintiff's investigator.  A true and correct copy of the PayPal Transaction Details are attached hereto as **Exhibit FF**.

47.    The "UltraFire 300Lm Cree XPE-R5 LED Tactical Flashlight Torch Light 3 Modes Black" purchased from Defendants' through eBay seller ID "rclite01" was received in a package identifying RCLITE as the sender from 7573 Slater Ave., Unit T., Huntington Beach, CA 92647.

48.    On October 20, 2015, Plaintiff authorized the purchase of a purported "2Pcs 1156 P21W **Cree** Q5 7W SMD LED Reverse Backup Turn Signal Light Bulb (Item # 130660003903)" bearing Plaintiff's CREE® trademark from Defendants through eBay seller ID "bravoracing" for a cost of $14.39, charged to the PayPal electronic payment account of Plaintiff's investigator.  A true and correct copy of the PayPal Transaction Details are attached hereto as **Exhibit GG**.

/ / /

- 14 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

49. The "2Pcs 1156 P21W Cree Q5 7W SMD LED Reverse Backup Turn Signal Light Bulb" purchased from Defendants' through eBay seller ID "bravoracing" was received in a package identifying RCLITE as the sender from 7573 Slater Ave., Unit T., Huntington Beach, CA 92647.

50. On December 12, 2016, Plaintiff authorized the purchase of a purported "RCLITE Zoomable Headlamp 3-Mode 1800Lumens Rechargeable LED Flashlight Waterproof Headlight Headlamp Head Torch w/US Charger,Powered by 18650 Rechargeable Batteries (not included) (Order Number: 002-0953531-2267410)" bearing Plaintiff's CREE® trademark from Defendants through Amazon seller ID "LEDwise Technology Inc(RCLITE)" for a cost of $11.58, charged to the Amazon electronic payment account of Plaintiff's investigator. A true and correct copy of the Amazon Order Details are attached hereto as **Exhibit HH**.

51. The "RCLITE Zoomable Headlamp 3-Mode 1800Lumens Rechargeable LED Flashlight Waterproof Headlight Headlamp Head Torch w/US Charger,Powered by 18650 Rechargeable Batteries (not included)" purchased from Defendants' through Amazon seller ID "LEDwise Technology Inc(RCLITE)" was received in a package identifying LEDwise Technology Inc(RCLITE) as the sender.

52. On December 14, 2016, Plaintiff authorized the purchase of a purported "ELETA Outdoor Waterproof headlight 3-Modes 1800 Lumen **CREE** XM-L T6 LED Headlamp + 2* 18650 Battery (Order Number: 002-6528256-5196236)" bearing Plaintiff's CREE® trademark from Defendants through Amazon seller ID "ELETA Technology Inc" for a cost of $29.59, charged to the Amazon electronic payment account of Plaintiff's investigator. A true and correct copy of the Amazon Order Details are attached hereto as **Exhibit II**.

53. The "ELETA Outdoor Waterproof headlight 3-Modes 1800 Lumen CREE XM-L T6 LED Headlamp + 2* 18650 Battery" purchased from Defendants' through Amazon seller ID "ELETA Technology Inc" was received in a package

identifying www.myeleta.com as the sender from 7573 Slater Ave., Unit T., Huntington Beach, CA 92647.

54.     The LED products purchased from Defendants through eBay seller IDs "rclite01" and "bravoracing" and Amazon seller ID "ELETA Technology Inc" were received in packages identifying the same 7573 Slater Ave., Unit T., Huntington Beach, CA 92647 shipping return address.

55.     The LED products purchased from Defendants through eBay seller IDs "rclite01" and "bravoracing" and Amazon seller IDs "LEDwise Technology Inc(RCLITE)" and "ELETA Technology Inc" were inspected by Plaintiff to determine the authenticity. The inspection of the purchased items confirmed that the items Defendants sold to Plaintiff's investigator were in fact non-genuine, counterfeit CREE-branded products.

56.     Plainitff is further informed and believes that Defendants' acted in concert with the same same source, maker, supplier, distributor, importer and/or originator to distribute the counterfeit flashlight products.

57.      Plainitff is further informed and believes that Defendants' acted in concert with one another using multiple eBay seller IDs and accounts in an effort to maximum exposure and sales.

58.     By these sales and, on information and belief, Defendants violated and continue to violate Plaintiff's exclusive rights in its trademarked materials, goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product. Defendants' conduct and use began long after Plaintiff's adoption and use of its CREE® Trademarks, after Plaintiff obtained the trademark registrations alleged above, and after Plaintiff's marks became famous.   Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with the intent

to cause confusion, tarnish, counterfeit and dilute Plaintiff's marks and products.

59. Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's CREE® Trademarks in the manner complained of here. Plaintiff has not endorsed any of Defendants' product illegally bearing CREE® Trademarks. Moreover, Plaintiff has not endorsed the use of the CREE® Trademarks along with any other brands, causing a false designation of origin, false endorsement, and false and deceptice advertising.

60. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

61. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished, counterfeited and diluted Plaintiff's rights in the CREE® Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (iv) misled the public into believeing that Plaintiff endorses Defendants' products; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; (vii) engaged in counterfeiting; and (viii) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks against Defendants LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin Lee, Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

62.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

63.    Plaintiff has continuously used its CREE® Trademarks in interstate commerce.

64.    Plaintiff, as the owners of all right, title and interest in and to these trademarks, has standing to maintain an action for trademark infringement under the U.S. Trademark Statute, 15 U.S.C. § 1114.

65.    Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holders of the CREE® Trademarks.  (See **Exhibits A - EE**).

66.    Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell CREE® products bearing Plaintiff's asserted marks into the stream of commerce.

67.    Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit CREE® products bearing the CREE® Trademarks.

68.    Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered CREE® Trademarks and applied such reproductions,

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit CREE® products bearing the CREE® Trademarks.

69. Defendants' egregious and intentional use and sale of fake and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

70. Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

71. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the CREE® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

72. Defendants' continued and knowing use of Plaintiff's asserted marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of § 32 of the *Lanham Act*, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin Lee, Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

73.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

74.    Plaintiff, as the owner of all common law right, title, and interest in and to the CREE® asserted marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. § 1125). Plaintiff's asserted marks are fanciful, inherently distinctive and/or have acquired distinctiveness.

75.    Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

76.    Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's CREE® Trademarks in the manner complained of here.  Plaintiff has not endorsed any of Defendants' product illegally bearing CREE® Trademarks.  Moreover, Plaintiff has not endorsed the use of the CREE® Trademarks along with any other brands, causing a false designation of origin, false endorsement, and false and deceptice advertising.

77.    Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount

to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

78.    On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

79.    Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

80.    Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's asserted marks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products.

81.    Defendants' continuing and knowing use of Plaintiff's asserted marks constitutes false designation of origin and unfair competition in violation of § 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

82.    Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its CREE® products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

/ / /

- 21 -
COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

83.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

**(Dilution against Defendants LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin Lee, Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

84.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

85.     Plaintiff's asserted marks are distinctive and famous within the meaning of the *Lanham Act*.

86.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's asserted marks.   Defendants' conduct is willful, wanton and egregious.

87.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and their marks.

88.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for

1    the damages that have been caused and which will continue to be caused by
2    Defendants' unlawful acts, unless they are enjoined by this Court.

3        89.    As the acts alleged herein constitute a willful violation of § 43(c) of
4    the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well
5    as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117,
6    1118, and 1125(c), including Defendants' profits, actual and statutory damages,
7    treble damages, reasonable attorney's fees, costs and prejudgment interest.

8                          <u>**FOURTH CAUSE OF ACTION**</u>

9    **(Unlawful, Unfair, Fraudulent Business Practices against Defendants**
10   **LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin**
11   **Lee, Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic**
12   **Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, Inclusive)**
13        [*California Business & Professions Code* § 17200 *et seq.*]

14       90.    Plaintiff hereby incorporates by reference each of the other allegations
15   set forth elsewhere in this Complaint as though fully set forth in this cause of action.

16       91.    By marketing, advertising, promoting, selling and/or otherwise dealing
17   in the counterfeit CREE® products, Defendants have engaged in unfair competition
18   including unlawful, unfair and fraudulent business practices in violation of the
19   *California Business and Professions Code* § 17200 *et seq.*

20       92.    Defendants' marketing, advertising, promoting, selling and/or
21   otherwise dealing in the counterfeit CREE® products is in violation and derogation
22   of Plaintiff's rights and is likely to cause confusion, mistake and deception among
23   consumers and the public as to the source, origin, sponsorship, or quality of the
24   goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the
25   purchasing public.  Defendants' conduct was intended to cause such loss, damage
26   and injury.

27       93.    Defendants knew, or by the exercise of reasonable care should have
28   known, that their marketing, advertising, promoting, selling and/or otherwise

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

94.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in their marks.

95.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

96.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

97.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

98.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies and assets in Defendants' possession that rightfully belong to Plaintiff.

WHEREFORE, Plaintiff Cree, Inc. prays for judgment against Defendants LEDwise Technology, Inc. d/b/a RCLITE, LEDwise, Inc., ShuiWen Li, Kevin Lee,

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Eleta Technology, Inc. d/b/a Fowod, Fei Ye, Li Sun, Modocholic Autowerks, Inc., Edmond Wailam Leung, and Does 1-10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* § 17200;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any trademark; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

11. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiff's reasonable attorney's fees;

15. For all costs of suit;

16. For such other and further relief as the Court may deem just and equitable.

DATED:  December 29, 2016          JOHNSON & PHAM, LLP

                                   By: /s/ Christopher D. Johnson
                                   Christopher D. Johnson, Esq.
                                   Christopher Q. Pham, Esq.
                                   Marcus F. Chaney, Esq.
                                   Hung Q. Pham, Esq.
                                   Attorneys for Plaintiff
                                   CREE, INC.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff Cree, Inc. respectfully demands a trial by jury in this action pursuant

3

to Local Rule 38-1.

4

5

DATED:  December 29, 2016                JOHNSON & PHAM, LLP

6

7                                        By: /s/ Christopher D. Johnson
                                         Christopher D. Johnson, Esq.

8                                        Christopher Q. Pham, Esq.
                                         Marcus F. Chaney, Esq.

9                                        Hung Q. Pham, Esq.
                                         Attorneys for Plaintiff

10                                       CREE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**